JOURNAL ENTRY and OPINION
Richard Sanders appeals from a judgment of the common pleas court imposing concurrent ten-month prison terms for taking the identity of another, two counts of forgery, and grand theft. On appeal, he argues that the court erred in not imposing minimum six-month sentences; in particular, he urges that the record does not support the court's finding that a minimum term would demean the seriousness of his offenses. After review of the record, we have concluded that the trial court complied with the sentencing guideline in R.C. 2929.14(B) and properly exercised its discretion in imposing greater than the minimum sentences in this case; accordingly, we affirm the judgment of the trial court.
The record reveals that, on March 12, 2001, a grand jury indicted Sanders for taking the identity of another, possession of criminal tools, four counts of forgery, four counts of uttering, and grand theft. Subsequently, pursuant to an agreement with the state, Sanders pled guilty to taking the identity of another, two counts of forgery, and grand theft; the state nolled the remaining charges.
On June 25, 2001, the trial court sentenced Sanders to concurrent ten-month sentences on each count. He now appeals, raising one assignment of error for our review. It states:
 THE TRIAL COURT ERRED BY FAILING TO IMPOSE THE SHORTEST PRISON TERMS CONCURRENTLY WHERE THE RECORD SHOWS BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT PREVIOUSLY HAS NOT SERVED A PRISON TERM AND THE SHORTEST PRISON TERM WOULD NOT DEMEAN THE SERIOUSNESS OF HIS CONDUCT NOR FAIL TO ADEQUATELY PROTECT THE PUBLIC.
Sanders argues that the court erred in imposing greater than the minimum sentences; although he concedes that the court found that the shortest sentence would demean the seriousness of his offenses, he urges that this finding is not supported by the record. The state counters that the court made the requisite statutory findings and properly imposed a greater-than-the-minimum sentence.
Our analysis begins with R.C. 2929.14(B), which provides:
 (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, the court stated:
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
However, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned * * * before it can lawfully impose more than the minimum authorized sentence." Edmonson, 86 Ohio St.3d at 326. Rather, the sentencing court is only required to make one of the requisite findings under R.C. 2929.14(B), as long as that finding is supported by the record. Id.
Here, Sanders concedes in his brief filed in our court that the trial court made one of the requisite findings, e.g., that the shortest terms would have demeaned the seriousness of his conduct. Accordingly, we find that the court complied with these requirements.
However, he urges that the record does not support the court's finding that minimum sentences would demean the seriousness of his offenses. He stresses that he has not previously served a prison term and that his convictions did not involve physical harm to persons or property, and urges that we modify his sentence pursuant to R.C. 2953.08(G).
We reject his attempts to minimize the import of his crimes. The record reveals that Sanders used the photographic identification of another person and personal checks he forged on his home computer to purchase merchandise from Nordstrom's, Williams Sonoma, and Boarders at Beachwood Mall in Beachwood, Ohio. Based on the calculating nature of these offenses, and Sanders' history of similar offenses, the record supports the imposition of greater than the minimum sentences in this case.
Based on the foregoing, we conclude that the trial court properly exercised its discretion in imposing greater-than-the-minimum sentences in this case. Accordingly, we overrule this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and PATRICIA A. BLACKMON, J. CONCUR